We will hear argument first in No. 2011-3105 Wilder v. MSPB. Mr. Bullard? Is that the correct pronunciation? I believe you've reserved three minutes for rebuttal. Okay. Well, when the yellow light comes on, you will be beginning to assume your rebuttal time, so you need to keep track of that. May I please record? My name is Brandon Bullard. I'm here from, law firm Beville Johnson, P.C. in Atlanta, Georgia, and I'm representing the appellant, Mr. Chester Wilder, Jr., who hails from Leesburg, Georgia. This case comes before the court on review from a March 22, 2011, final order of the Merit Systems Protection Board holding that it lacked jurisdiction to consider Mr. Wilder's appeal. The basic issue in this case is whether the board correctly determined that it lacked jurisdiction to hear Mr. Wilder's appeal, which concerned the merits of his removal from a civilian position with the United States Department of the Navy. Embedded in this relatively straightforward issue, however, is a critical question of statutory interpretation affecting the rights not only of all active duty military personnel, but also of all veterans currently serving in the probationary periods of their civilian appointments. That issue simply stated is whether an individual may use his or her prior military service to satisfy the one-year current continuous service requirement as stated in 5 U.S.C. Section 7511A1-A2. We ask this court to issue a decision that an individual may use his or her prior military service to satisfy this requirement, to reverse the board decision, and to issue a determination that the board did have jurisdiction to hear Mr. Wilder's appeal or, on the alternative, to remand this issue back down to the board for further proceedings. As the following will, I hope, convey, we believe Mr. Wilder is entitled to this relief because the board's final word was inconsistent with established principles of statutory interpretation and also inconsistent with congressional intent as expressed in the plain language for relevant statutory authority. Now, I'd like to run through the facts just briefly. On August 31, 2009, Mr. Wilder was appointed to a civilian... We're familiar with the facts, unless you wanted to bring our attention to particular facts pertinent to the legal issues you want to present, but we're quite conversant with the underlying facts, so you can proceed directly to the legal arguments if you like. Certainly. I would only point out that prior to Mr. Wilder's civilian appointment, he had been asked 26 years of military service. I will move on. Mr. Wilder, in his civilian appointment, was a competitive service appointment, a non-temporary, and not limited to one year or less. As such, he falls under 5 U.N.C. 7511A1-A2. Now, this provision... Let me just cut directly to the chase here for what seems to me to be at least arguably the biggest problem for your position. And that is that while the words current continuous service appear to be defined explicitly in the statute, they are defined in OPM's regulations, and they're defined to mean a period of employment or service immediately preceding an adverse action without a break in federal civilian employment. It suggests that both the earlier employment and the later employment must be federal civilian employment, which military employment is not. How do you get around that problem? Of course, Your Honor. And this is a position that Respondent takes in their brief. The problem with it is that, of course, 752.402 juxtaposes the term employment with service. The statute, in order to avoid a situation where either the terms employment or service are rendered unnecessary or mere surplusage, they must have independent meaning. So, it's unclear why OPM chose to use the modifier federal civilian employment at the latter portion of this regulation. What is clear, though, is if that regulation is defined simply to require a period of civilian employment only and excludes military service, it does nothing to avoid the problem that the term employment covers the field that would otherwise be covered by service as well. In other words, if you define 752.402 or you read 752.402 to apply only to civilian employment, employment becomes redundant with service and thereby becomes surplusage. We are required to avoid a reading such as that without additional, without compiling evidence to do so. So, in addition, the 752.402... Don't you suppose that one possible explanation for the use of that terminology was that the agency was attempting to clarify a potential ambiguity or gap in the statutory language? That would be intent, Your Honor, that it's certainly not... I do not, appellantly, it's not clear in this provision alone. In addition, the reading that we're putting forward would propose that the end of this provision simply means that at the moment that an individual seeks to find his or her employment by reference to 5 CFR 752.402 and by reference to 7511A1A subsection to that individual at that time must be serving in a civilian capacity. Now, we believe this is supported by a number of principles of statutory interpretation, one being the surplusage argument I've just laid out, the other being the fact that nowhere in... A person coming from a non-federal civilian service to a federal civilian service would qualify under this definition? We are saying a public position is someone serving in a... Non-civilian position. Correct, a uniform service position. But that seems inconsistent to me, at least on its face, with the notion of a break in federal civilian employment. In other words, if I went from, say, non-employment at all and into a federal job, I wouldn't think of the day between my leaving non-employment and going into the federal job or leaving a private position and going into a federal job as a break in my federal civilian service, would you? No, you're right. We believe that this regulation falls within the overall context of the Civil Service Retirement Act. We do believe that it must be some sort of federal service, not non-federal. Well, not just federal. It's federal civilian employment, right? And again, we submit that the modifier at the end, federal civilian employment, refers to a specific point in time, that point in time being when an individual is seeking to find his or her employment status by reference to 7511 and by extension, the implementing regulations. And it further supports that position. If one looks at 7511A1A2, there's nothing in the statute, in fact, nothing under 7511A, that would limit the service, explicitly limit the service to civilian or non-uniform service. In addition, if one looks to 5UC7511A1B or A1C, we see that those two provisions, which refer to accepted service appointments, require that the one-year current continued service department have been performed in same or similar positions. That same or similar position language is omitted from subsection A2. We believe this advances congressional intent to allow for a broad array of types of service that would satisfy the current continued service requirements. And indeed, Your Honor, if we take that lack of the same or similar position language to its logical extent, we see that an individual who may satisfy this requirement through radically disparate types of service, an individual who's serving as a firefighter or a force service, could potentially use his or her prior civilian service to satisfy a subsequent period of employment as a administrative assistant with the Social Security Administration, or an individual who is serving as a weapons specialist for the United States Department of the Air Force, could use that prior period of civilian service to satisfy this requirement for a subsequent period as a contract negotiator for the Department of Health and Human Services. Do you think there's a difference between the word employment and service? Yes, Your Honor. So if it said current continuous employment, one year of current continuous employment, you would then agree that it doesn't extend to military service? Yes, Your Honor, we would agree. Well, then how do you get around 752.402, which defines current continuous employment means a period of employment or service? They're saying the word employment in the context of this statute is by reference to the word employment or service. So do you think that this regulation meant to broaden the definition of employment? I believe that this regulation sought to broaden the definition of current continuous service such that it encompassed all civilian positions and also non-civilian positions in its uniform. The regulation says without a break in federal civilian employment. Correct, Your Honor. And again, our position on that is the only way to resolve this surplusage problem that I identified earlier. Well, is it a surplusage problem or isn't the regulation just saying, look, we want to be clear, even though we refer to employment sometimes and service otherwise, we're always talking about employment in the federal civilian service? Again, we are required to read the statute in such a way that employment and service have independent meanings. Well, I understand that that's definitely a canon of statutory interpretation. In this case, it seems to me that it could have been ambiguous, and as such, why isn't the agency free to say, look, in this instance, it's actually one and the same? You know, we have to give deference to that since it's an agency regulation enacted with notice and comment and all of that. Well, again, I think that the – for one, there is the problem of the – there is the redundancy problem, and that simply defining breaks between employment of – But that's just a canon of construction. It's not like an absolute rule, right? Canons are guidelines. And in the face of the agency saying to the contrary, and me having to give them deference, I don't know how we're going to round that. Well, in the absence of any sort of compelling evidence to – Well, elsewhere in the statute, it refers to uniformed service. So as distinct from service here, where the agency is regulated and said that means the same thing as employment and has to be federal civilian. I understand it creates a redundancy. It's a good statutory argument. But for me, I don't get to review it de novo. If I think it's ambiguous, I have to give deference to the agency's regulation. Well, again, the agency – some of the data interpreted that. And for one, for instance, in the final order of the MSVB in this action, there's no independent assessment, no independent analysis why prior military service can't be used. They simply decide a case and go forward. In fact, I'm not sure that there are any decisions of the MSVB. Again, this is a robust statutory analysis of why this is the case. In fact, the decision relied upon by the board in the final order here is the Bell versus Department of Homeland Security case. That case concerns an individual who went from the Coast Guard into an accepted service position with the TSA. The accepted service positions, of course, they fall under 7511A1 subsection B, which, unlike subsection A, does not contain the same or similar position language. That position was predicated on the notion that an individual that two periods of – a period of military service subsequent to civilian service can never be the same or similar. Are you aware of any other cases where this is being raised, whether – meaning do you know whether this issue of whether military service should qualify is an issue that has a broad reach or importance for lots of other folks? Maybe the government would be better situated to answer that question. I'm not sure I understand what your question is. I'm wondering if this is a single isolated case or if you think there are many cases in where this issue is arising. With respect to the specific issue of the interpretation of 7511A1A2, I touched on a number of times at the MSVB. I'm unaware of any federal circuit case law that directly deals with it. Well, with respect to the specific question that you are raising, which is do you attack military and civilian employment for purposes of the probation requirement, I think Bell, in this case, are the only two that I'm familiar with. I did some poking around and didn't see anything else. Bell has not been cited for that proposition since it was decided 12 years ago or something, I think. So I'm aware of the Bell decision. I mean, Bell does flatly hold that, as I read it, I don't think Bell is based on the accepted competitive distinction. If I read it correctly, it flatly holds that when you go from uniformed service to civilian service, that is not within the scope of attacking provisions of 7511. Would you agree with that? Your Honor, frankly, I would not agree with that. Let's look at the language of Bell, because I think, unless I'm mistaken, that what Bell is saying is the civil service consists of all appointed positions in the executive, judicial, and legislative branch of the government except positions in the uniformed service, and that was the predicate for its decision, as I read it. You don't read it that way. No, Your Honor. I believe that the holding is unclear. I do know that that decision was, again, arrested on 7511A1 subsection B, which does require the same or similar positions. Well, but that is merely to say that if you went to take your firefighter example, if you went from being a firefighter in the Forest Service, if for some reason that was in the accepted service, then in order to get to attacking, you would have to become a firefighter, let's say, for BFAA. You wouldn't be able to become a clerk for another agency, right? Understood. That's what that has to do. The same or similar position requirement entails, correct? Well, it would, the same or similar position language would encompass situations such as that. Right, and it would exclude the situation such as you put, which would not be excluded under the competitive service of going from one quite different job to another within the civilian service, correct? That language would prohibit that. But not, it would, but only with respect to the preference eligible, right? Because that doesn't apply to the competitive service. It does not apply to subsection A. Right, okay. Thank you. Thank you. We'll reserve a couple of minutes of your rebuttal time. Okay, thank you. Ms. Smith. Thank you. Good morning. May it please the Court, the Board correctly found that it does not have jurisdiction in this case because Mr. Wilder's prior military service cannot be counted toward the one year of current continuous service required for Board appeal rights in the competitive service. As Mr. Wilder recognizes, Board case law, in particular the Bell case, has long held that military service can't be counted because current continuous service means only civilian service. Are there a lot of cases where veterans or military folks are alleging an entitlement to attack military service onto civilian service for this purpose? I don't know the number of cases. I'm aware of at least one other case that is currently, I believe it was actually recently filed before this Court, and so it hasn't been briefed yet. That would hinge on the same issue. At least one of the issues is the same issue. I can't say I'm aware of a large number. His interpretation is correct and derives from the plain reading of the statute and the relevant regulation. The statute, as the Appellant discussed, says that an employee with appeal rights in the competitive service is one who has completed one year of current continuous service other than a temporary appointment limited to one year or less. And the regulation interpreting it defines current continuous service as a period of employment or service immediately preceding an adverse action without a break in federal civilian employment of a work day. Now, in a state, this means that to reach one year of current continuous service, the employee must have served one year in federal civilian employment. And if this employment is served in more than one position, then those two periods of federal civilian employment must be joined together with no break between them. So, for example, if you have an employee who served six months in one agency and then six months in a second agency, both of these being federal civilian employment, that employee must go directly from one position to another, ending work in the first agency on Friday, for example, and starting the very next Monday at the second agency. No break of a work day. Mr. Wilder claims that the phrase period of employment or service refers only to civilian service and not military service. But there's two problems with this. The first is that that language is nowhere found in the statute. There's no reference in the statute or the regulation. But the statute's ambiguous, isn't it? Even if the statute were ambiguous, there's no reference. Is it? I don't believe that it is. How is it not ambiguous? Because if you compare it to other statutes, Mr. Wilder cited a number of them with regard to annuitants and retirement, all of those statutes say specifically that military service may be included. So they say you can count various forms of civilian service, and then if they wanted to include military service, they said you could do that. That language is not present here. There's nothing in the statute that would argue it was including military service. And so without that, on its face, it includes only civil service. And the regulation is the same. There's no reference there as opposed to certain other regulations which would allow you to count certain types of military service. What are the other statutes that refer specifically to military service? Did you mention those in your brief? We mentioned a couple, and I believe Mr. Wilder cited a number of them. I could give you a list, but I believe they're all in his brief. For example, 5 U.S.C. section. What page of his brief? I don't have the page offhand, but I can take a moment to look. Okay. This is his brief on page 11. He says 5 U.S.C. section 8334, and there is regulations interpreting it. He says 5 U.S.C. section 3501, and regulations interpreting that. And the following page is 12. He cites 5 U.S.C. section 3502 and 6303. And each of these statutes expressly refers to military service or uniformed service? That's correct. They don't just use the word service and then allow for? They use the word service referring to civil service, and then they later in the statute specifically say that certain types of military service may also be counted towards that requirement. But that language is not in section 351. The second problem with Mr. Wilder's interpretation is, as the Court pointed out earlier, the phrase, without a break in federal civilian employment. And if you would read the regulation as Mr. Wilder urges, this section, the latter half of the regulation, would have no meaning whatsoever. He's essentially asking the Court to erase that part of the regulation. That's not what the regulation says. That's not how the Board has ever interpreted the regulation. And it simply makes no sense in this context. And so the Board correctly held that military service cannot be counted towards the current continued service requirement and that Mr. Wilder did not have a statutory right of appeal. Mr. Wilder also argues that even if he doesn't have a statutory right of appeal, he has a regulatory right of appeal under 5 CFR section 315.806C, which is the regulation governing termination for pre-appointment reasons. And he claims that, The problem with that is that he has never actually claimed that he was terminated for a pre-appointment reason. In his brief, he says that he was- I don't think he argued that in his opening argument, did he? He did not address it in his argument. He did address it in his brief. If the Court is not concerned, I don't need to address it either. If the Court is something further, we would rest on our brief and ask that you affirm the decision of the Merit System Protection Act. Let me ask you a question. It's a little bit outside the strict confines of this case, but remind me of what the proper procedure is if a probationary employee wants to raise a claim of discrimination other than marital discrimination and political partisanship discrimination, which are the two regulatory categories. That, I take it, cannot be done by proceeding before the Board unless there's an independent basis for Board jurisdiction. That's correct. Where does the employee go? District Court under Title VII? EEOC? I seem to recall that there's some kind of fairly elaborate process that the employee goes through where the Board jurisdiction is not available because of the limits on probationers. That's correct, and I believe the employee can go to the EEOC and avail himself of that process. There's an administrative process, and then once it goes to the EEOC, there's a right of appeal to the District Court. Or go directly to the District Court under Title VII, I suppose. I'm not certain. I believe there is some sort of exhaustion requirement, but I'm not 100% sure. All right. Well, either way, your position is that that is not something over which the Board has any jurisdiction. I've always wondered where this curious combination of marital status and political partisanship, why those were selected and none others, but... I'm not sure why those were selected, but I know that we do not have jurisdiction unless there's underlying... Okay. Thank you. Thank you. Mr. Willard? Two minutes. First of all, in response to one of your questions, Judge Moore, regarding the Board's interpretation of 5 CFR 752.402, there's precedent to establish that in ruling on the Board's decision concerning jurisdiction. This Court does not give that risk to the Board's own determination. Now, also in... What did you say? We don't give deference to the Board's ruling? That's correct. But this is an OPM regulation, as I understand it. We do defer to the OPM with respect to those questions. Oh, I'm sorry. I was putting the impression that you... Well, I mean, it's... One could argue that there would be deference to one or the other. I mean, the Board has certain regulations, of course, in the CFR, and we do defer to the Board with respect to those, and Title V of the CFR has many regulations that are OPMs and defer to OPM with respect to those, but not vice versa, right? I believe that's correct. Okay. So you're arguing that we don't defer to Bell? I'm sorry, Your Honor? You're arguing we don't defer to Bell? That's correct. So Bell's decision is just a decision for what it's worth? That's correct, and by extension of the Board's final order as well. What about the government's argument about these other statutes that specifically include military service? What's problematic about that argument, for one, is that... Well, for one, those statutes that are referred to in my reply brief, they're outside of the context of the Civil Service Retirement Act. In addition, what's specifically problematic about 752.402 is that it juxtaposes the term employment with service, and that those terms must have independent meaning within the overall context of the Civil Service Retirement Act. We submit that it is employment and service that... Excuse me, that the term employment must refer to the state of being an employee as defined under the various provisions of the Civil Service Retirement Act. But do these other statutes define service to include military service? I believe they specifically refer to military service. As being within the term service? They make specific reference to... Well, the term service, in at least 8334J, I believe, the term service is used to refer to military service. And we're going to go ahead and assess your language in front of me. Very well. Thank you, Owen. Thank you. Meeting closed, counsel. The case is submitted.